NEW-YORK,
May, 1808.

Kleecke
v.
Styles.

### Kleecke *against* Styles.

Where the copy of the declaration and notice to plead are served upon the defendant personally, and he afterwards employs an attorney, who gives notice of his retainer, the declaration and rule to plead need not be served *de novo* on the attorney; but he must plead in 20 days after the service of the first notice.

FISK, for the defendant, moved to set aside the default and all subsequent proceedings in this cause for irregularity. He read an affidavit stating, that on the 7th *March* last, the defendant's attorney gave due notice of his being retained as attorney for the defendant, and also a notice that special bail had been put in, and that the bail-piece was filed in the clerk's office at *Albany*, on the 4th *March*.

*D. B. Ogden*, contra, read an affidavit, that a copy of the declaration, with notice of a rule to plead, was served on the defendant *personally*, on the 4th day of *February*, before any notice of a retainer by the defendant's attorney, and that the default was regularly entered, after the expiration of the 20 days.

*Per Curiam.* Where a copy of the declaration and notice of the rule to plead, have been served on the defendant *personally*, and the plaintiff's attorney, afterwards, receives notice of a retainer from an attorney for the defendant, he need not serve a copy of the declaration, or notice of the rule to plead, *de novo*, on the defendant's at-

torney ; but the defendant is bound to plead in 20 days from the first notice. It was so decided in *July* term, 1802, in the case of *Hallett* v. *Moore,* and which was a case of bail. It is otherwise, where the service of the declaration and notice is by putting them up in the clerk's office. (See the 5th rule of *April* term, 1796.)

       Rule refused.